CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

99 MAY 28 PM 4:00

Robert M. March
CLERK-SANTA FE

FIRST NATIONAL BANK OF
FARMINGTON, et al.,

Plaintiffs,

vs.                                                No. CIV 97-1625 MV/RLP

B.C. VILLAGE INN PARTNERS,
LIMITED PARTNERSHIP, a New
Mexico Limited Partnership, BUENA
COMIDA CORPORATION, a New
Mexico Corporation,
WESTAMERICA CORPORATION,
an Oklahoma Corporation,
WILLIAM F. GROSZKRUGER,
LAWRENCE KOLEK, FRANK W.
and JEANETTE LYONS,
ENCHANTMENT LAND
CERTIFIED DEVELOPMENT
COMPANY, a New Mexico
Corporation, UNITED STATES
SMALL BUSINESS
ADMINISTRATION, and VICORP
RESTAURANTS, INC., et al.,

Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment on Count Nine of Plaintiff's Complaint (William F. Groszkruger's Guaranty), filed May 4, 1998 **[Doc. 64]** and Cross-Claimant U.S. Small Business Administrations's Motion for Summary Judgment **[Doc. 67]**. The Court, having considered the motions, relevant law, and being otherwise fully informed, finds that the motions are well taken and will be **GRANTED**, as explained below.



## BACKGROUND

This controversy concerns a default on the First National Bank of Farmington's loan [hereinafter Bank] to B.C. Village Inn Partners [hereinafter Borrower]. The loan was for the construction and start up of a Village Inn restaurant. As security for the loan the Bank contracted with William F. Groszkruger to guarantee the payment and performance of the debt, liability or obligation of Borrower to Bank. A Guaranty was executed by William F. Groszkruger on May 1, 1996. The Guaranty provided that William F. Groszkruger is jointly and severally liable to Bank for and absolutely and unconditionally obligated to pay Bank the full amount of Borrower's indebtedness, plus accrued interest. The Guaranty further provided that William F. Groszkruger "will pay or reimburse [Bank] for all costs and expenses (including reasonable attorneys' fees and legal expenses) incurred by [Bank] in connection with the protection, defense or enforcement of this guaranty in any litigation or bankruptcy or insolvency proceedings." *Guaranty between First National Bank of Farmington and William F. Groszkruger* ¶5.

Bank filed a Complaint for Debt, Foreclosure and Appointment of Receiver for the real and personal property securing the Loan. Count Nine of the Complaint alleged that by virtue of the Guaranty executed by Groszkruger on May 1, 1996, he is jointly and severally liable to Bank for and absolutely and unconditionally obligated to pay Bank the full amount of Borrower's indebtedness, plus accrued interest. Count Nine also alleges that Bank is entitled to recover the costs and expenses, including attorney's fees and legal expenses, incurred in connection with the enforcement of the Guaranty by Bank.

Bank filed a Motion for Summary Judgment on Count Nine of Its Complaint Pursuant to Fed. R. Civ. P. 56 (William F. Groszkruger's Guaranty) on February 23, 1999. A true and correct copy

of the pleading was mailed on February 3, 1999 to John H. Schuelke, Esq., attorney for William F. Groszkruger. Defendant Groszkruger has not filed a response to this motion.

On or about December 4, 1995, William F. Groszkruger as President of Buena Comida Corporation, as General partner of Borrower, executed a loan agreement with another party. To further secure payment of the loan agreement, William F. Groszkruger individually executed and delivered a SBA Guaranty in the principal sum of $583,000.00. The unconditional SBA guaranty provided that William F. Groszkruger, along with other guarantors, is jointly and severally liable to the SBA for the indebtedness of Borrower.

Defendant U.S. Small Business Administration filed a Cross-Claim against William F. Groszkruger among other defendants to enforce and foreclose liens on the real and personal property that was the subject of the loan agreement and to enforce guaranties.

Cross-Claimant U.S. Small Business Administration filed a Motion for Summary Judgment on March 15, 1999. A true and correct copy of the pleading was mailed on February 22, 1999 to John H. Schuelke, Esq., attorney for William F. Groszkruger. Defendant Groszkruger has not filed a response to this motion.

## STANDARD OF REVIEW AND ANALYSIS

A response is due within fourteen (14) calendar days after service of a motion. D.N.M.LR-Civ. 7.6. Failure to serve a response in opposition to any motion constitutes consent to grant the motion. D.N.M.LR-Civ. 7.5.

Plaintiff mailed Groszkruger's attorney, John H. Schuelke, a copy of Plaintiff's Motion for Summary Judgment on Count Nine of Its Complaint Pursuant to Fed. R. Civ. P. 56 (William F. Groszkruger's Guaranty) on February 3, 1999. Groszkruger had fourteen (14) calendar days to respond plus an additional three (3) days to allow for service by mail. Groszkruger was required to

respond by February 22, 1999. Defendant Groszkruger has failed to serve a response in opposition to Plaintiff's Motion to date, over three months since the response deadline, and so consents to grant the motion.

Cross-Claimant SBA mailed Groszkruger's attorney, John H. Schuelke a copy of Cross-Claimant U.S. Small Business Administration's Motion for Summary Judgment on February 22, 1999. Groszkruger was required to respond by March 11, 1999. Defendant Groszkruger has failed to serve a response in opposition to Cross-Claimant U.S. Small Business Administration's Motion to date, over two months since the response deadline, and so consents to grant the motion.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment on Count Nine of Plaintiff's Complaint (William F. Groszkruger's Guaranty), filed May 4, 1998 **[Doc. 64]** and Cross-Claimant U.S. Small Business Administrations's Motion for Summary Judgment **[Doc. 67]** are hereby **GRANTED**.

_____
MARTHA VAZQUEZ
DISTRICT COURT JUDGE

Attorney for Plaintiffs:
  James A. Askew

Attorney for Defendants:
  John H. Schuelke for William F. Groszkruger
  Marta L. Nesbitt, Special Ass't U.S. Attorney
  James A. Artley for Nobel/Sysco Food